[Cite as *State ex rel. Cushion v. Massillon*, 2011-Ohio-4749.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO, ex rel., | : | W. Scott Gwin, P.J. |
| R. PAUL CUSHION, II | : | John W. Wise, J. |
|  | : | Julie A. Edwards, J. |
| Relator-Appellee | : |  |
|  | : | Case No. 2010CA00199 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| THE CITY OF MASSILLON, et al., |  |  |
|  |  |  |
| Respondents-Appellants |  |  |

CHARACTER OF PROCEEDING:        Civil Appeal from Stark County
Court of Common Pleas Case No.
2009CV02719

JUDGMENT:        Affirmed In Part and Reversed and
Remanded In Part

DATE OF JUDGMENT ENTRY:        September 12, 2011

APPEARANCES:

For Relator-Appellee        For Respondents-Appellants

WILLIAM E. WALKER        GREGORY A. BECK
P.O. Box 192        Baker, Dublikar, Beck,
Massillon, Ohio 44648-0192        Wiley & Mathews
       400 South Main Street
       North Canton, Ohio 44720

       PERICLES G. STERGIOS
       Massillon City Law Director
       Two James Duncan Plaza
       Massillon, Ohio 44646

*Edwards, J.*

{¶1} Respondents-appellants, City of Massillon, Pericles Stergios, Jayne Ferrero and Francis Cicchinelli, Jr., appeal from the June 30, 2010 Judgment Entry of the Stark County Court of Common Pleas. Relator-appellee, State of Ohio ex rel R. Paul Cushion, II, has filed a Cross-appeal.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On or about May 7, 2009, appellee sent a public records request via certified mail to appellant Pericles Stergios, Law Director for the City of Massillon. Appellee specifically requested the following:

{¶3} "'the amount of expenditures or legal fees paid to the following law firms, special counsel law firms, outside law firms, appointed legal counsel, legal or other consulting fees, attorneys at law or bond counsel fees that your offices, or other offices under you authority paid to the following individuals, law firms or entities for the period 2003, 2004, 2005, 2006, 2007, 2008 and 2009. Please include the City Council Resolution authorizing the payment of these fees and the Law Director's letter or determination designating the following legal entities to act on behalf of the City and the Law Department:

{¶4} "(1) Bricker & Eckler, LLP of Columbus, Ohio;

{¶5} "(2) Becky Princehorn Attorney at Law, and Chris Slagle, Attorney at Law, Columbus, Ohio;

{¶6} "(3) Krugliak, Wilkins and Griffiths, LLP of Canton, Ohio (Jackson Township, Stark County Ohio);

{¶7} "(4) Leslie Iams Kuntz, Attorney at Law;

{¶8} "(5) Buckingham, Doolittle and Burroughs, LLP of Canton, Ohio;

{¶9} (6) J. Fred Stergios, Attorney at Law;

{¶10} "(7) John L. Kurtzman, Attorney at Law;

{¶11} "(8) Stergios, Kurtzman & Stergios, LLP (Massillon, Ohio) or Law firm with similar name;

{¶12} "(9) Any other Law Firms, Attorneys or Special Counsel not stated above that you code or specify as legal fees or consulting fees."

{¶13} On or about May 7, 2009, the same public records request was sent via certified mail to appellant Jayne Ferrero, Auditor for the City of Massillon, and appellant Francis Cicchnelli, Jr., Mayor for the City of Massillon.  The same were delivered on May 11, 2009.

{¶14} As memorialized in a letter dated May 20, 2009 to appellee, appellant Pericles Stergios responded to appellee's request for public records. Appellant Stergios, in such letter, indicated that he was enclosing the only documents in the possession of his office he had been able to assemble that he believed were responsive to appellee's request.  Appellant Jayne Ferrero responded to appellee's public records request via a letter to appellee dated May 20, 2009.

{¶15} On July 14, 2009, appellee filed a verified complaint against appellants seeking a writ of mandamus pursuant to R.C. 149.43, forfeiture pursuant to R.C. 149.351 and attorney fees pursuant to R.C. 149.43. Appellee, in his complaint, alleged that appellants had failed to produce public records including e-mail correspondences and Ethernet memorandum of "any nature" and that appellant Francis Cicchinelli, Jr. had "wholly failed to respond whatsoever" to appellee's request.

{¶16} Thereafter, in a letter to appellee dated July 17, 2009, appellant Stergios indicated that his May 20, 2009, response to appellee's public records request "was meant to be on behalf of all three (3) entities from which you requested records, including Mayor Cicchinelli (sic) office. As I said in my May 20, 2009, letter, 'I believe that these are the only documents responsive to your request.' This statement was meant to be on behalf of the entire City."

{¶17} Appellant Francis Cicchinelli, Jr, in a separate letter to appellee also dated July 17, 2009, stated as follows:

{¶18} "In response to your May 7, 2009 Public Records Request I am writing to clarify that my office was not in possession of any of the documents you requested. Specifically, you made the request of both the Law Director and the City Auditor who provided you with the documents that you requested. The response of these two (2) officials was the response of my office. There are no additional documents to provide based upon the request that you made."

{¶19} Thereafter, in a letter to appellant Stergios dated July 27, 2009, appellee stated, in relevant part, as follows:

{¶20} "I am also seeking all e-mail and tangible correspondences of any nature whatsoever, between, to, or from the Law Director's Office, the Auditor's Office, and the Mayor's Office relevant to the matter at issue. I am also seeking all e-mail and tangible correspondences of any nature whatsoever, between, to, or from the Law Director's Office, the Auditor's Office, and the Mayor's Office relevant to the matter at issue to, or from, any law firm(s), attorney(s) or other such agent(s), that were contained in my May

7, 2009 request during the period between and including the years 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

{¶21} Subsequently, in a letter to appellee dated August 5, 2009, appellant Stergios stated, in relevant part, as follows: "I am not in possession nor do I control e-mail and tangible correspondence from the Auditor or Mayor's office. Therefore, if you wish to request documents from the Auditor or the Mayor I suggest that you direct such request specifically to them so that the request can be answered."

{¶22} On August 21, 2009, appellee filed a Motion to Compel. Appellee, in his motion, asked the court for an order compelling appellants to respond to all discovery requests propounded on appellants by appellee on July 14, 2009.  The discovery request had included Request for Production of Documents.  In his request for Production of Documents, appellee, in addition to requesting the documents originally requested in his May 7, 2009, public records request, sought additional documents. Among the additional documents that appellee requested were the following:

{¶23} "3. Produce copies of all correspondences, including e-mails, between the 'City' and/or any of the entity's and/or individuals set forth in paragraph 1 above, and all correspondences, including e-mails between the entities and the 'City' relevant to those entities and/or individuals set forth in paragraph 1 above;

{¶24} "4. Produce any and all purchase orders, or other such documents including e-mails, submitted by the entities for any services used or sought in retaining and/or gathering and/or recovering the requested public records from the entities listed above.

{¶25} "5. Produce any and all work orders and logs pertaining to the services and entities listed in paragraph 1, above.

{¶26} "6. Produce all correspondences concerning the services and entities listed in paragraph 1 above.

{¶27} "7. Produce all correspondences from and between the entities (including any of its individual members) to or from the City (including any of its individual of its individual members), concerning the services and entities listed in paragraph 1 above.

{¶28} "8. Produce all correspondences from the City's Law Department (including any of its individual member) to the City (including any of its individual members) relevant to and/or concerning the services and entities listed in paragraph 1 above.

{¶29} "9. Produce any and all documents, including e-mails, generated by the present request for public documents.

{¶30} "10. Produce a phone listing of any and all calls made to and received between the City, the Respondents, to or from any of the entities set forth in Paragraph 1 above."

{¶31} The entities or individuals referred to are the same as listed in appellee's original public records request.

{¶32} The trial court, in an Order filed on September 16, 2009, stated in relevant part, as follows: "upon the Court conducting a telephonic status conference with counsel for the parties…, the Court has been informed that the parties have agreed upon the requested documents being submitted to the Realtor/Plaintiff within ten (10) days of this Order." On September 25, 2009, appellants filed a notice stating that on September 25,

2009, they had provided their responses to requests for production of documents to appellee. The Motion to Compel was ordered withdrawn via an order filed on September 25, 2009.

{¶33} On December 4, 2009, appellants filed a Motion for Summary Judgment. Appellants, in their motion, argued that appellee had received all of the existing documents that he requested and that his initial records requests were met promptly by appellants. Appellee, on December 21, 2009, filed a combination memorandum in opposition to appellants' Motion for Summary Judgment and Motion for Summary Judgment.

{¶34} Pursuant to a Judgment Entry filed on June 30, 2010, the trial court granted both Motions for Summary Judgment in part. The trial court found that appellants had failed to provide twelve documents to appellee with their initial response to appellee's document request. The trial court, in its Judgment Entry, stated, in relevant part, as follows:

{¶35} "Upon review of the Realtor's public records request, this Court finds that the Realtor requested 'the amount of expenditures or legal fees paid to the following law firms…' The majority of documents that were not initially provided to the Realtor were Ordinances or documents relating to arbitrator fees paid to attorneys or law firms. These documents include Relator's Exhibits H, I, K, O, P, Q, R, S, T, U, V, and W. All of these documents were provided by Respondents to Realtor in September 2009. This Court finds that 'expenditures' does in fact include arbitrator fees paid to 'law firms, special counsel law firms, outside law firms, appointed legal counsel, legal or other consulting fees, attorneys at law or bond counsel fees…' Because the Relator's public

records request does not just include 'legal fees' paid to law firms, etc., but also includes 'expenditures' paid to 'law firms, special counsel law firms, outside law firms, appointed legal counsel, legal or other consulting fees, attorneys at law or bond counsel fees…' this Court finds that the Relator identified with reasonable clarity the documents relating to arbitrator fees.  Therefore, the documents listed above should have been provided with the Respondent's initial response to the public records request."

{¶36} The trial court also denied appellee's writ of mandamus, finding, with respect to specified documents, that appellee had not provided any evidence that such documents, which he asserted had been destroyed by appellant, had in fact been destroyed. The trial court awarded appellee $12,000.00 in statutory damages for appellants' failure to promptly make certain records available, but denied appellee's request for attorney fees.

{¶37}  Appellants now raise the following assignments of error on appeal:

{¶38} "I. THE TRIAL COURT ERRED IN FINDING APPELLEE IS ENTITLED [TO] STATUTORY DAMAGES.

{¶39}  "II. THE TRIAL COURT ERRED IN AWARDING STATUTORY DAMAGES IN THE AMOUNT OF $12,000."

{¶40}  Appellee has filed a cross-appeal, raising the following assignments of error:

{¶41} "I. A PUBLIC OFFICE HOLDER MUST BE HELD RESPONSIBLE FOR PUBLIC RECORDS WHICH THE PUBLIC OFFICIAL WERE [SIC] REQUIRED BY LAW TO GENERATE AND KEEP AVAILABLE FOR PUBLIC INSPECTION, BUT THROUGH NEGLIGENCE OR MALFEASANCE THE PUBLIC OFFICE HOLDER FAILED TO

GENERATE AND MAKE AVAILABLE TO THE PUBLIC RECORDS REQUESTER THOSE PUBLIC RECORDS; AND THEREFORE A PUBLIC RECORDS REQUESTER MUST BE DEEMED TO BE AN 'AGGRIEVED' PARTY AND THE PUBLIC RECORDS SOUGHT, BUT WHICH ARE NON-EXISTENT, MUST BE DEEMED TO HAVE BEEN 'DESTROYED.'[1]

**{¶42}** "II. THE TRIAL COURT ERRED IN DENYING THE APPELLEE-RELATOR-CROSS-APPELLANT ATTORNEY FEES WHEN HE WAS THE INDIVIDUAL THAT WAS 'AGGRIEVED', AS THAT TERM IS DEFINED IN THE PUBLIC RECORDS ACT, WAS A LICENSED ATTORNEY THAT WAS ON ACTIVE STATUS AND AUTHORIZED TO PRACTICE LAW IN THE STATE OF OHIO, AND WAS SO AUTHORIZED THROUGHOUT THE ENTIRETY OF THE INSTANT CASE, AND WHEN THE RECORD CLEARLY INDICATES THAT THE APPELLEE-REALTOR-CROSS-APPELLANT HIRED A RESEARCH ATTORNEY, ALSO LICENSED TO PRACTICE LAW IN THE STATE OF OHIO, AND WHICH ATTORNEY GENERATED BILLABLE ATTORNEY FEES BEYOND THOSE GENERATED BY THE APPELLEE-RELATOR-CROSS-APPELLANT.

**{¶43}** "III. A PUBLIC OFFICIAL AND/OR ENTITY IS REQUIRED TO RESPOND ON ITS OWN BEHALF AND HAS AN INDEPENDENT OBLIGATION TO RESPOND TO A PROPERLY SUBMITTED PUBLIC RECORDS REQUEST WHICH WAS SPECIFICALLY SUBMITTED TO THAT PUBLIC OFFICE."

---

[1] Prior to oral arguments in this case, Judge Julie A. Edwards contacted counsel for both parties and indicated that Tom Ferrero, the husband of appellant Jayne Ferrero, had contributed to her reelection campaign. Appellee Paul Cushion, in an e-mail to Judge Edwards dated January 15, 2011, stated as follows: "Please allow this correspondence to serve as a waiver by the Appellee of any actual or potential conflict by any judge in the appellate court, Case No. 2010CA00199, captioned *State ex rel Cushion v. City of Massillon et al.*"

SUMMARY JUDGMENT STANDARD

{¶44} We review the assignments of error pursuant to the standard set forth in Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996-Ohio-211, 663 N.E.2d 639: "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶45} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

{¶46} It is pursuant to this standard that we review the assignments of error.

I

{¶47} Appellants, in their first assignment of error, argue that the trial court erred in finding that appellee was entitled to statutory damages. Appellants specifically contend that they provided the requested documents to appellee in response to his public records request.

**{¶48}** Appellee made his request for public records pursuant to R.C. 149.43. Such section states, in relevant part, as follows: "(B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. When making that public record available for public inspection or copying that public record, the public office or the person responsible for the public record shall notify the requester of any redaction or make the redaction plainly visible. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction.

**{¶49}** "(2) To facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section…."

**{¶50}** "'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C). The Public Records Act implements the state's policy

that 'open government serves the public interest and our democratic system.' *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.' *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13." *State ex rel. Perrea v. Cincinnati Pub. Schools,* 123 Ohio St.3d 410, 2009-Ohio-4762, 916 N.E.2d 1049 at ¶13.

{¶51} Generally to be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42, 324 N.E.2d 641, citing *State ex rel. National City Bank v. Bd of Education* (1977) 52 Ohio St.2d 81, 369 N.E.2d 1200. However, where the allegation relates solely to public records request, the Supreme Court has held that the requirement of the lack of an adequate legal remedy, as an element of a petition for writ of mandamus, does not apply to public-records cases. *State ex rel. Glasgow v. Jones* (2008), 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686 at paragraph 12.

{¶52} At issue in this case is whether or not appellee, in his public records request, requested documents relating to arbitrator fees. The trial court found that the term "expenditures" as used in appellee's initial May 7, 2009 public records request, included arbitrator fees paid to "law firms, special counsel law firms, outside law firms, appointed legal counsel or other consulting fees, attorneys at law or bond counsel

fees…" and that the same should have been provided with appellants' initial response to the public records request. The same were not provided by appellants to appellee until September of 2009.

{¶53} The trial court specifically found that appellants had failed to timely produce Exhibits H, I, K,O,P,Q,R,S,T,U,V and W.  These documents were provided to appellee in September of 2009 after appellee filed his Motion to Compel appellants to respond to his discovery request propounded on July 14, 2009.   Exhibit H was Ordinance 87-2009, Exhibit I was Ordinance 128-2008 and Exhibit K was Ordinance 111-2006.   Exhibit W concerned arbitrator fees paid to the Krugliak law firm, the ordinance authorizing the work and the determination letter.   The remaining exhibits related to arbitrator fees paid to Jerry Fulmore (Exhibit O), Sharon Ellis (Exhibit P), Lawrence Loeb (Exhibits Q and R), Charles Adamson (Exhibit S), Colman Lalka (Exhibit T), Joseph Gardner (Exhibit U)   and Bricker & Eckler (Exhibit V).

{¶54}  We find that it was not clear that appellee, in his initial request for public records, was requesting documents relating to arbitration fees. As noted by the court in *State of Ohio ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752, 756, 577 N.E.2d 444, "Like a motion, under Civ.R. 7(B)(1), however, a [public records] request must be specific and particularly describe what it is that is being sought. See *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798." It is the responsibility of the person making the public-records request to identify the records with reasonable clarity.  *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.,* 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82 at ¶42, citing *Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 391, 715 N.E.2d 179; quoting *State ex rel. Fant v. Tober* (May 20,

1993), Cuyahoga App. No. 63737, 1993 WL 173743, affirmed (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202.

{¶55} As noted by appellant in their reply brief, "[t]he arbitrator expenses delineated by Realtor were not specifically requested, do not fit within his request, and are thus not subject to this mandamus action." The request specifically lists attorneys and law firms who have represented appellants in litigation or previous legal matters. The request further asks for the amount of expenditures or legal fees paid to "[a]ny other law firms, attorneys or special counsel not stated above that you code or specify as legal fees or consulting fees."(Emphasis added). The arbitration documents that appellee sought, via Exhibits O,P,Q,R,S,T,U,V and W were not related to legal or consulting fees and/or did not relate to any of the law firms or attorneys specified by appellee in this request.   We concur with appellants that a reasonable person, considering the public records request, would not think that appellee was requesting arbitrator fee records.  We note that the word "arbitrator" is defined as a "neutral person either chosen by the parties to a dispute or appointed by a court, to hear the parties claims and render a decision."  Black's Law Dictionary (Sixth Edition 1990).  (Emphasis added).  An arbitrator would not represent appellants in litigation or legal matters.

{¶56} As is stated above, the trial court, in its June 30, 2010, Judgment Entry found that appellants failed to produce Exhibits H, I and K.  Exhibit I, which is Ordinance No. 87-2009, is dated July 6, 2009, which is after the date of the May 7, 2009, public records request.  Thus, the same could not have been requested in appellee's initial public records request.   Exhibit I (Ordinance 128-2008) states that $5,000.00 is transferred from the 2008 appropriation from within the General Fund for the year

ending December 31, 2008, for arbitrator fees while Exhibit K states that $10,000.00 is appropriated from the unappropriated balance of the General Fund for the year ending December 31, 2006 for an account entitled "Arbitrator Services/Contracts."

**{¶57}** We find that Exhibits I and K fall outside the scope of appellee's public records request. Because such Exhibits concern arbitrator fees, as is stated above, appellee's initial public records request did not request the same.

**{¶58}** The record further reveals that appellee, in a letter to appellant Stergios dated July 27, 2009, stated, in relevant part, as follows:

**{¶59}** "I am also seeking all e-mail and tangible correspondences of any nature whatsoever, between, to, or from the Law Director's Office, the Auditor's Office, and the Mayor's Office relevant to the matter at issue. I am also seeking all e-mail and tangible correspondences of any nature whatsoever, between, to, or from the Law Director's Office, the Auditor's Office, and the Mayor's Office relevant to the matter at issue to, or from, any law firm(s), attorney(s) or other such agent(s), that were contained in my May 7, 2009 request during the period between and including the years 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

**{¶60}** As noted by appellants, appellee's request for such information was not made clear until this <u>second</u> request for public records which was presented to appellants after the case sub judice was filed. Appellant, therefore, could not have provided such information earlier.

**{¶61}** Appellants' first assignment of error is, therefore sustained.

II

{¶62} Appellants, in their second assignment of error, argue that the trial court erred in awarding statutory damages to appellee.

{¶63} In the case sub judice, the trial court awarded appellee damages in the amount of $12,000.00. The trial court arrived at such figure by multiplying the twelve documents (Exhibits H, I, K, O, P, Q, R, S, T, U, V and W) that it found appellants had failed to provide to appellee as part of the initial public records request by $1,000.00.

{¶64} R.C. 149.43(C)(1) provides for statutory damages of $100.00 for each business day during which the public office failed to comply with the public records law, up to a maximum of $1,000.00. The trial court, in its Judgment Entry, found that when the twelve records were disclosed, more than ten days had elapsed and that appellee had experienced a "loss of use" of the records. The trial court, on such basis, found that "relief in forfeiture shall be granted in that Respondents shall pay Realtor $1,000 for each of the records not disclosed for a total of $12,000 as statutory damages for failing to promptly make certain records available."

{¶65} Based on disposition of appellants' first assignment of error in which this Court held that the trial court erred in finding that such documents should have been provided with appellant's initial response to the public records request, appellant's second assignment of error is moot.

CROSS-APPEAL

I

{¶66} Appellee, in his first assignment of error on cross-appeal, argues that appellants had a duty under law to generate and keep available for public inspection

certain documents, that appellants, either through negligence or misfeasance, failed to do so. Appellee contends that the trial court erred in failing to deem such documents to have been destroyed.

{¶67} R.C. 149.351(A) provides that public records "shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law…."

{¶68} R.C. 149.351(B) provides that "[a]ny person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) * * * may commence either * * * either [a] civil action for injunctive relief to compel compliance with division (A) or * * * [a] civil action to recover a forfeiture in the amount of one thousand dollars for each violation, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action."

{¶69} Appellants have no duty to create or provide access to nonexistent records. *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor,* 89 Ohio St.3d 440, 448, 2000-Ohio-214, 732 N.E.2d 969. See also *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530 at ¶ 15.

{¶70} In the case sub judice, appellee specifically claims, in his brief, that appellants refused to disclose the following as "non-existent", that other documentary evidence supports the existence of such documents, and that such documents, therefore, should be deemed destroyed by appellants:

{¶71} Exhibit G (Engagement Letter from Baker firm)

{¶72} Exhibit M (Black & McCuskey Engagement Letter for Massillon City School District Matter)

{¶73} Exhibit N (Law Director's Letter or City's Determination and/or Engagement Letter for other Black & McCuskey matters)

{¶74} Exhibit W (Determination/Law Director Letter Krugliac [sic] Firm)

{¶75} Exhibit W (Krugliac [sic] Firm Ordinance Authorizing Work)

{¶76} Exhibit X (Attorney Fred Stergios Engagement Letter)

{¶77} Exhibit Y (Engagement Letter/Determination to Bricker & Eckler LLP for Perry-Navarre Project)

{¶78} However, there is no evidence that such documents ever existed. Appellee attempts to prove the existence of such documents by referencing other documentary evidence. For example, in support of his argument that Exhibit M (Black & McCuskey Engagement Letter for Massillon City School District Matter) must exist, appellee references a copy of a June 17, 2003 letter from Black McCuskey to appellant Cicchinelli stating as follows: "Enclosed herewith please find a copy of the Notice of Cross-Appeal of Appellee City of Massillon that was filed with the Supreme Court of Ohio on October 30, 2003" in such matter. However, the fact that the June 17, 2003 letter exists does not prove that there was an engagement letter. Rather, appellee asks this Court to infer that the documents referred to above exist.

{¶79} In short, we agree with the trial court that appellee has not provided any evidence that the documents that he claims have been destroyed have, in fact, been destroyed. This Court cannot deem documents to have been destroyed when the existence of these documents has not been established. To do so would enable a litigant to request documents that he or she knows do not exist and then seek damages when the same are not provided in response to a public records request.

{¶80} Appellant's first assignment of error on cross-appeal is, therefore overruled.

III

{¶81} Appellee, in his third assignment of error on cross-appeal, argues that each public official and/or entity has an independent obligation to respond on its/his/her own behalf to a properly submitted public records request. In short, appellee argues that appellant Pericles Stergios, Law Director for the City of Massillon, appellant Jayne Ferrero, Auditor for the City of Massillon, and appellant Francis Cicchnelli,  Jr., Mayor for the City of Massillon each individually should have provided him with the documents that he requested.

{¶82} Appellant specifically cites to R.C. 149.43(B)(1) and (B)(2) in support of his argument. R.C. 149.43 states, in relevant part, as follows: "(B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. When making that public record available for public inspection or copying that public record, the public office or the person responsible for

the public record shall notify the requester of any redaction or make the redaction plainly visible. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction.

{¶83} "(2) To facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section. A public office also shall have available a copy of its current records retention schedule at a location readily available to the public…."

{¶84} The Ohio Revised Code defines a public office, pursuant to R.C. 149.011(A), as "any state agency, public institution, political subdivision, or any other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." A public official, pursuant to R.C. 149.011(D), is defined as "all officers, employees, or duly authorized representatives or agents of a public office." Appellants were all public officials and /or public offices.

{¶85} As noted by appellants, R.C. 149.43(C)(1) authorizes the recovery of statutory damages as "compensation for injury arising from loss of use of the requested information." In the case sub judice, the three public records requests stated the same thing. In a letter to appellee dated July 17, 2009, appellant Stergios indicated that his May 20, 2009, response to appellee's public records request "was meant to be on behalf of all three (3) entities from which you requested records, including Mayor Cicchinelli (sic) office." We concur with the trial court that there was "no need for each office of the City of Massillon that was sent the public records request to send the exact

same documents" and that appellee did not experience a "loss of use" because appellants' Pericles Stergios and Jayne Ferrero, the Auditor, provided the documents that they had.

{¶86} While appellee argues that each appellant had a duty to provide him independently with the documents that he requested, he cites no cases for such proposition. Nor is this Court aware of any such case law or other legal authority.

{¶87} Based on the foregoing, appellee's third assignment of error on cross-appeal is overruled.

II

{¶88} Appellee, in his second assignment of error on cross-appeal, argues that the trial court erred in denying his request for attorney's fees pursuant to R.C. 149.43.

{¶89} Because we have concluded that appellants did not fail to comply with appellee's public records request and, therefore, appellee did not prevail on his mandamus claim, we find that appellee is not entitled to attorney fees under R.C. 149.43(C). As noted by the court in *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, "[w]e have never extended an award of attorney fees in public-records mandamus cases to encompass mandamus claims that are ultimately held to be without merit." Id. at ¶18.

{¶90} Appellee's second assignment of error on cross-appeal is, therefore, overruled.

{¶91} Based on the foregoing, we find that the trial court erred in failing to grant appellants' Motion for Summary Judgment in its entirety and in granting appellee's

Motion for Summary Judgment in part. We further find that the trial court erred in awarding appellee $12,000.00 in damages.

{¶92} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur


_____


_____


_____

                                   JUDGES

JAE/d0126

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO ex rel.
R. PAUL CUSHION                               :
                                              :
        Plaintiff-Appellee                    :
                                              :
                                              :        JUDGMENT ENTRY
- vs -                                        :
                                              :        CASE NO. 2010CA00199
                                              :
THE CITY OF MASSILLON, et al.,                :
                                              :
        Defendant-Appellant                   :
                                              :

        This Court issued an Opinion and Judgment Entry in this matter on June 6, 2011. On August 12, 2011, appellee filed a Motion to Vacate such Opinion and Judgment Entry on the basis that appellee was not timely served with the same until July 29, 2011. Attached to appellee's motion is an affidavit from the Stark County Clerk of Courts stating that appellee was not served with a copy of the Court of Appeals' decision in this matter until July 29, 2011.

Pursuant to the dictates of *State ex rel. Sautter, et al. v. Grey, Judge*, et al., 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, appellee's Motion to Vacate is granted. We, therefore, vacate our Opinion and Judgment Entry of June 6, 2011, and shall reissue our Opinion and Judgment Entry forthwith.

IT IS SO ORDERED.

_____

_____

_____
                                                    JUDGES

JAE/dr/rmn

[Cite as *State ex rel. Cushion v. Massillon*, 2011-Ohio-4749.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., <br> R. PAUL CUSHION, II | : <br> : <br> : | |
| Relator-Appellee | : <br> : <br> : | |
| -vs- | : <br> : | JUDGMENT ENTRY |
| THE CITY OF MASSILLON, et al., | : <br> : | |
| Respondents-Appellants | : | CASE NO. 2010CA00199 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part.  Costs assessed to R. Paul Cushion, II.

_____

_____

_____

JUDGES