[Cite as *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, 2025-Ohio-1422.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Alphonso Mobley, Jr., | : | |
| Relator, | : | No. 22AP-541 |
| v. | : | (REGULAR CALENDAR) |
| Franklin County Board of Commissioners, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 22, 2025

**On brief:** *Alphonso Mobley*, *Jr.*, pro se.

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, *Andrea C. Hofer*, and *Thomas W. Ellis*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator Alphonso Mobley, Jr. who is incarcerated at Southeastern Correctional Institution, has filed this original action in mandamus seeking a writ compelling respondent Franklin County Board of Commissioners ("the Board") to comply with his public records request made pursuant to R.C. 149.43. After Mobley filed this action, the Board produced the records he requested. Although the Board's action rendered moot Mobley's request for a writ compelling production of the records, Mobley seeks statutory damages and court costs due to the Board's delay in responding to his public records request.

{¶ 2}  Mobley filed his petition for a writ of mandamus on September 7, 2022. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate.  On October 17, 2022, the Board moved to dismiss, asserting Mobley failed to state a claim on which relief could be granted.  The Board asserted Mobley's claim was moot because it provided the requested records on October 5, 2022, and because the Franklin County Prosecutor's Office had fulfilled an identical request on July 6, 2022.  The Board argued Mobley was not entitled to statutory damages because it acted reasonably in denying his request as duplicative of an identical request previously fulfilled by the prosecutor's office and because Mobley did not suffer any loss of use from the denial of his request.  Mobley moved for default judgment on his claim for statutory damages on October 27, 2022, admitting the underlying claim was moot because the Board provided the requested records on October 5, 2022, but asserting the Board failed to answer or otherwise defend against his claim for statutory damages. The Board filed a memorandum in opposition to Mobley's motion for default judgment, and on November 2, 2022, Mobley moved for leave to file a reply to the Board's motion to dismiss.

{¶ 3}  On January 10, 2023, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate recommended this court grant Mobley's motion for leave to file a reply to the motion to dismiss, deny Mobley's motion for default judgment, and grant the Board's motion to dismiss.

{¶ 4}  On January 20, 2023, in an unrelated matter, the Franklin County Court of Common Pleas declared Mobley to be a vexatious litigator pursuant to R.C. 2323.52. *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, 2023-Ohio-3993, ¶ 6.  Earlier that same day, Mobley mailed his objections to the magistrate's decision in this case; they were received and filed on the docket on January 24, 2023.  *Id.*  On January 26, 2023, this court sua sponte dismissed this case because Mobley filed objections to the magistrate's decision without filing an application for leave to proceed as a vexatious litigator.  *Id.*  On January 27, 2023, Mobley mailed a motion for leave to proceed under R.C. 2323.52(F)(2); that motion was received and filed on the docket on January 31, 2023.

{¶ 5}  Mobley appealed the January 26, 2023 dismissal order to the Supreme Court of Ohio.  The Supreme Court reversed and remanded to this court for consideration of Mobley's motion for leave.  *Id.* at ¶ 17.  Following the remand order, on November 28, 2023,

Mobley moved for leave to proceed under R.C. 2323.52(F)(2) and filed a second set of objections to the magistrate's decision. On remand from the Supreme Court, this court granted Mobley's January 31 and November 28, 2023 motions for leave to proceed, and the matter is now before us on Mobley's January 24 and November 28, 2023 objections to the magistrate's decision.

{¶ 6} Mobley's first objections were not clearly enumerated, but his memorandum in support appears to set forth the following three objections:

> [I.] Magistrate failed as a matter of law when it failed to presume injury, where Respondent did fail to provide any legal authority to support its denial, pursuant to R.C. 149.43(B)(3).

> [II.] Magistrate opines that the two County Offices in the instant case are in sufficient privity with one another as to eliminate the need for both to respond to multiple requests for the same public documents from the same requester. Relying on *State ex rel. Cushion v. City of Massillon*, 2011-Ohio-4749 [(5th Dist.)].

> [III.] Magistrate opines that Respondent reasonably relied on *State ex rel. Cushion*, to deny Relator public records as a duplicate request. Therefore, Respondent complied with R.C. 149.43(B)(3) and Relator isn't entitled to full statutory damages.

{¶ 7} In his second set of objections, Mobley set forth the following five objections:

> [I.] The Magistrate failed to consider that the Franklin County Prosecutor and the Franklin County Board of Commissioners are separate entities established by the laws of this state for the exercise of a function of government, specifically Chapters 309 and 305 of the revised code. Therefore, both offices meet the statutory definition of "public office," pursuant to R.C. 149.011(A). *State ex rel. Beacon Journal Publ. Co. v. Bodiker*, 134 Ohio App.3d 415, 423 [(10th Dist.)]. Moreover, the General Assembly has apparently rejected such policy-based preferences among public records custodians, in that R.C. 149.011(A) classifies as a public office "any" entity which otherwise satisfies the statutory definition.

> [II.] The Magistrate failed to consider that the Franklin County Board of Commissioners may sue and be sued pursuant to R.C. 305.12.

[III.] The Magistrate failed to consider that the record requested by Relator is by law **received** by the Franklin County Board of Commissioners pursuant to R.C. 309.16, and both meets the definition of record pursuant to R.C. 149.011(G) and is the property of the Franklin County Board of Commissioners once received, pursuant to R.C. 149.351(A).

[IV.] The Magistrate failed to consider that the Franklin County Board of Commissioners and the Franklin County Prosecutor both have their own records retention schedules created by the county records commission pursuant to R.C. 149.38.

[V.] The magistrate mistakenly invokes privity among the Franklin County Prosecutor's Office and the Franklin County Board of Commissioner's where neither the law or public policy allows privity. See 149.43(A)(1) "Public record means records kept by **any** public office."

(Emphasis in original.)

{¶ 8} As explained above and in the magistrate's decision, Mobley concedes his mandamus claim is moot with respect to the records sought in his request. Therefore, only his claims for statutory damages and court costs remain.

{¶ 9} All of Mobley's objections relate to the magistrate's conclusion that he was not entitled to statutory damages because the Board's initial refusal to provide the requested records was based on reasonable reliance on case law. Therefore, we will address all of Mobley's objections together.

{¶ 10} The Public Records Act "allows a relator to recover $100 for each business day during which the respondent failed to comply with the Public Records Act, beginning on the date that the relator files a mandamus action to compel production of the public records," up to a maximum award of $1,000. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 47, citing R.C. 149.43(C)(2). The " 'requester shall be entitled to recover' statutory damages if (1) [he] submitted a written request 'by hand delivery, electronic submission, or certified mail,' (2) the request 'fairly describe[d] the public record or class of public records,' and (3) 'a court determines that the public office or the person responsible for public records failed to comply with an obligation' imposed by R.C. 149.43(B)." *Id.*, quoting R.C. 149.43(C)(2). However, the Public Records Act further

provides that a court may reduce or not award statutory damages if it determines that "based on the ordinary application of statutory law and case law" as of the time of the alleged failure to comply with an obligation imposed by R.C. 149.43(B) "a well-informed public office . . . reasonably would believe that the conduct . . . of the public office . . . did not constitute a failure to comply" and that "a well-informed public office . . . reasonably would believe that the conduct . . . of the public office . . . would serve the public policy that underlies the authority that is asserted as permitting that conduct." R.C. 149.43(C)(2)(a) and (b). "These provisions require that the [public office's] 'conduct' in violating R.C. 149.43(B)(2) 'had a reasonable basis in legal authority and public policy.' " *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2023-Ohio-3382, ¶ 44, quoting *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2021-Ohio-1176, ¶ 28.

{¶ 11} The Board denied Mobley's public records request on grounds it was a duplicate of a request that the Franklin County Prosecutor's Office had fulfilled on July 6, 2022. Therefore, for purposes of determining whether Mobley is entitled to statutory damages, the question is whether it was reasonable for the Board to believe it could reject Mobley's request of the particular record on that basis.[1] The magistrate concluded the Board could have reasonably relied on the decision in *State ex rel. Cushion v. Massillon*, 2011-Ohio-4749 (5th Dist.), in denying Mobley's request.

{¶ 12} In *Cushion*, an individual sent identical public records requests to the law director, auditor, and mayor of the city of Massillon. *Cushion* at ¶ 2, 13. Initially, the law director and the auditor responded to the request by letter, but the mayor did not respond. *Id.* at ¶ 14. After the requester filed a mandamus complaint, the law director sent a letter indicating that his prior response was intended to be on behalf of all three offices. *Id.* at ¶ 16. The trial court concluded the offices had failed to produce certain records and

---

[1] *See State ex rel. Ellis v. Cleveland Police Forensic Lab.*, 2021-Ohio-4487, ¶ 14 ("The question then, is whether it was reasonable for the [respondent] to believe that it could reject the entire request for noncompliance with R.C. 149.43(B)(8) without parsing the individual requests to see if any fell outside the scope of that provision."). In *Ellis*, the Supreme Court considered a public office's assertion, as grounds for denying a public records request, of R.C. 149.43(B)(8) which excuses a public office from having to provide a record when it relates to a criminal proceeding. The court cautioned that a public office may not apply a "blanket rule that an office or official may disregard an entire *request* when [only] a portion thereof is subject to [the grounds for denial]." (Emphasis in original.) *Id.* at ¶ 15. The court held it was necessary to "[parse] the individual requests to see if any [fall] outside the scope [of the grounds for denial]." *Id.* at ¶ 14. We note that in the case before us, our ruling addresses one particular document as described in more detail in paragraph 14 of this decision.

awarded statutory damages to the requester. *Id*. at ¶ 34-36. In relevant part, the requester argued on appeal that each of the three offices had an independent obligation to respond on its own behalf to the public records request, and that each of the three offices should have individually provided the documents he sought. *Id*. at ¶ 81. The Fifth District Court of Appeals rejected that argument, noting the law director's letter clarifying that his original response was meant to be on behalf of all three offices and concluding there was no case law or other legal authority to support the assertion that each of the three offices had an independent duty to provide the requested records. *Id*. at ¶ 85-86. The Fifth District's decision was appealed, but the Supreme Court declined to accept jurisdiction. *01/18/2012 Case Announcements*, 2012-Ohio-136.

{¶ 13} In addition to the *Cushion* decision, we also note that the Supreme Court has stated that "public offices are not required to respond to duplicative public-records requests." *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, ¶ 15, citing *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 2009-Ohio-4090, ¶ 6.

{¶ 14} Mobley's request to the Board sought a paper copy of the Franklin County Prosecutor's statement to the Board pursuant to R.C. 309.16 for the year 2020. That statute, which subsequently has been repealed, required the prosecuting attorney to make an annual statement to the board of county commissioners specifying the following information:

> (1) The number of criminal prosecutions pursued to final conviction and sentence under his official care, during the year next preceding the time of making such statement. In such statement the prosecuting attorney shall name the parties to each prosecution, the amount of fine assessed in each case, the number of recognizances forfeited, and the amount of money collected in each case.
>
> (2) With respect to the offenses set forth in sections 2909.02 and 2909.03 of the Revised Code, such statement shall also include the following information:
>
> (a) The number of fires occurring in the county for which the state fire marshal or an assistant state fire marshal has determined there was evidence sufficient to charge a person with aggravated arson or arson;

(b) The number of cases under sections 2909.02 and 2909.03 of the Revised Code presented by the prosecuting attorney to the grand jury for indictment;

(c) The number of indictments under such sections returned by the grand jury;

(d) The number of cases under such sections prosecuted either by indictment or by information by the prosecuting attorney;

(e) The number of cases under such sections resulting in final conviction and sentence and the number of cases resulting in acquittals;

(f) The number of cases under such sections dismissed or terminated without a final adjudication as to guilt or innocence.

Former R.C. 309.16(A), repealed in 2021 Am.Sub.S.B. No. 16, Section 3.

**{¶ 15}** Thus, the record that Mobley sought from the Board was a report prepared and submitted to the Board by the Franklin County Prosecutor's Office. Mobley does not deny that he requested and received the same record from the prosecutor's office a month prior to filing his request with the Board. Mobley ultimately received the requested records from the Board after filing this case and does not argue there was any difference between the documents he received from the prosecutor's office and those he received from the Board.

**{¶ 16}** Under the circumstances in this case, where the Franklin County Prosecutor's Office created the records sought and submitted those records to the Board pursuant to a statutory mandate, and where Mobley received a copy of the same records from the prosecutor's office only a month before submitting his request to the Board, the magistrate properly concluded that Mobley was not entitled to statutory damages because a well-informed public office could reasonably believe that denying Mobley's request did not violate the Public Records Act based on existing case law. *See Cushion*, 2011-Ohio-4749, at ¶ 85-86. *See also State ex rel. Brown v. N. Lewisburg*, 2013-Ohio-3841, ¶ 19 (2d Dist.) ("Under the totality of the facts and circumstances in this case, we find it would not be unreasonable for Respondents, the custodians of the records requested, to have believed that Brown was not entitled to duplicative, voluminous copies of records to which the testimony in this matter demonstrates she has access at each Village council meeting.").

Therefore, the magistrate did not err in recommending this court deny Mobley's request for statutory damages. Accordingly, we overrule Mobley's eight objections.

{¶ 17} Upon review of the magistrate's decision, an independent review of the record, and due consideration of Mobley's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law, except that we substitute our analysis of the facts of this case for the magistrate's analysis in paragraph 37 and find that the magistrate need not have relied on the concept of privity in paragraph 38 when concluding that the Board reasonably relied on *Cushion* to deny Mobley's request. We therefore overrule Mobley's eight objections to the magistrate's decision and adopt the magistrate's decision as our own, with the exception of paragraph 37 and the penultimate sentence of paragraph 38, which states "Similarly, the two city offices in *Cushion* and the two county offices in the present case are in sufficient privity with one another so as to eliminate the need for both to respond to multiple requests for the same public documents from the same requester." Mobley is not entitled to a writ of mandamus, statutory damages, or court costs. Accordingly, we grant Mobley's motion for leave to file a reply to the Board's motion to dismiss, grant the board's motion to dismiss, and deny Mobley's motion for default judgment.

*Relator's motion for leave to file reply brief granted*;
*respondent's motion to dismiss granted*;
*relator's motion for default judgment denied.*

EDELSTEIN and LELAND, JJ., concur.

———————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Alphonso Mobley Jr., | : | |
| Relator, | : | |
| v. | : | No.  22AP-541 |
| Franklin County Board of Commissioners, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 10, 2023

*Alphonso Mobley Jr.,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Andrea C. Hofer,* for respondent.

IN MANDAMUS
ON MOTIONS

{¶ 18} Relator, Alphonso Mobley Jr., has filed this original action seeking a writ of mandamus ordering respondent, Franklin County Board of Commissioners, to comply with his requests for public records made pursuant to R.C. 149.43. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has also filed an October 27, 2022, motion for default judgment and a November 2, 2022, motion for leave to file reply to motion to dismiss.

Findings of Fact:

{¶ 19} 1. Relator is a prisoner incarcerated at Southeastern Correctional Institution.

{¶ 20} 2. The Franklin County Board of Commissioners is a governmental agency that is the administrative head of Franklin County.

{¶ 21} 3. In his petition for writ of mandamus, relator alleges that respondent, in bad faith, failed to produce public records pursuant to his request for "Prosecutor Statement, pursuant to R.C. 309.16 for year 2020." Respondent received the request via certified mail on August 15, 2022.

{¶ 22} 4. In his petition, relator alleges that respondent denied the request in a letter postmarked August 19, 2022, for the reason that it was a duplicate of one that the Franklin County Prosecutor's Office already fulfilled for relator on July 6, 2022.

{¶ 23} 5. On September 7, 2022, relator filed the present petition for writ of mandamus, in which he claimed ODRC failed to comply with his public-records request pursuant to R.C. 149.43.

{¶ 24} 6. On October 5, 2022, respondent provided the requested record to relator.

{¶ 25} 7. On October 17, 2022, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 26} 8. On October 27, 2022, relator filed a motion for default judgment.

{¶ 27} 9. On November 2, 2022, relator filed a motion for leave to file reply to motion to dismiss, which the magistrate hereby grants.

Conclusions of Law:

{¶ 28} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). However, relators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 41.

{¶ 29} A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public-records request within a "reasonable period of time." The phrase "reasonable period of time" is not defined in the statute, but the " ' "determination of what

is 'reasonable' depends upon all the pertinent facts and circumstances." ' " *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, ¶ 7, quoting *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, ¶ 23.

{¶ 30} When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempted from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. Denial of a public-records request is appropriate if the public record is fully exempt from mandatory disclosure, but if a public record is fully exempt from mandatory disclosure, the public-records custodian must provide the requester with an explanation, including legal authority, setting forth why the request was denied. R.C. 149.43(B)(3). Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.*

{¶ 31} A party who believes that a request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10. R.C. 149.43(C)(1) permits a party aggrieved by the failure of the public office to promptly prepare a public record to receive statutory damages under R.C. 149.43(C)(2) in the amount of $100 for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of $1,000.

{¶ 32} However, a court may reduce or not award statutory damages if it finds (1) that "a well-informed public office * * * reasonably would believe that the conduct * * * that allegedly constitutes a failure to comply with an obligation" imposed by R.C. 149.43(B) did not constitute such a failure "based on the ordinary application of statutory law and case law as it existed at the time of the conduct," R.C. 149.43(C)(2)(a), and (2) that "a well-informed public office * * * reasonably would believe that [its] conduct * * * would serve the

public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b).

{¶ 33} In the present case, relator has admitted that respondent has now fulfilled his public-records request, and, therefore, that issue is moot. However, relator contends that he is still entitled to statutory damages, pursuant to R.C. 149.43(C)(2), because he made his public-records request by certified mail, and respondent failed to make the public records available to relator within a reasonable time.

{¶ 34} Respondent counters that relator is not entitled to statutory damages because it complied with its obligation under R.C. 149.43(B)(1) by responding to relator's public-records request and giving a reason for the denial, as required by R.C. 149.43(B)(3). Furthermore, respondent contends that, even if it failed to comply with R.C. 149.43(B)(1), relator is still not entitled to statutory damages because its failure to initially provide relator with the requested records—on the grounds that the request was duplicative of the identical request fulfilled by the Franklin County Prosecutor's Office—was made upon a reasonable reliance of case law, citing *State ex rel. Cushion v. Massillon*, 5th Dist. No. 2010CA00199, 2011-Ohio-4749.

{¶ 35} In *Cushion,* the requester sent identical public-records requests to the law director, auditor, and mayor for the city of Massillon. The law director and auditor responded. The requester filed a mandamus action, alleging the law director and auditor did not fully comply with the request, and the mayor did not respond at all. The law director then sent a letter to the requester clarifying that his original response was on behalf of all three respondents. The mayor sent a letter indicating that he had none of the requested documents in his possession, and the law director's and auditor's responses were on his behalf. The court denied the writ of mandamus, awarded statutory damages for the respondents' failure to promptly make certain records available, and denied the request for attorney fees. On appeal, in pertinent part, the requester argued that the law director, auditor, and mayor were each individually and independently required to provide him with the documents that he requested. However, the court held that the three public-records requests stated the same thing, there was no need for each office of the city of Massillon to send the exact same documents, and the requester did not experience a "loss of use" because the city officials provided the documents they possessed.

{¶ 36} Relator, here, counters *Cushion* by arguing that the Supreme Court of Ohio has held that " '[n]othing in the text of the Public Records Act excuses a public office from its duty to supply records upon a showing that the requester has obtained the record from a third party.' " *State ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, ¶ 21, quoting *State ex rel. Summers v. Fox*, 163 Ohio St.3d 217, 2020-Ohio-5585, ¶ 39 (finding that the fact that the relator may already have received some of the requested records from another source does not render the requests moot).

{¶ 37} As explained above, respondent in the present case asserts that it complied with its obligation under R.C. 149.43(B)(1) by responding to relator's public-records request and giving a reason for the denial, consistent with R.C. 149.43(B)(3). However, the magistrate finds that, even if respondent failed to comply with its obligation under R.C. 149.43(B)(1) and (3), relator is not entitled to statutory damages because respondent's failure to initially provide relator with the requested records was made upon a reasonable reliance of the case law in *Cushion*. The court in *Cushion* held when a requester requests identical public records from different public offices within the same city, there is no need for each office to send the exact same documents, and the requester experiences no "loss of use." The present case presents an analogous scenario. That is, relator made a public-records request to the Franklin County Prosecutor's Office, which fulfilled the request, and then made the same public-records request to an office in the same county, the Franklin County Board of Commissioners. Based upon an ordinary application of *Cushion*, a well-informed public office could reasonably believe that if another county office has already fulfilled an identical public-records request from the same requester, the public office is not required to fulfill an identical request, and such would serve the public policy that underlies the authority that is asserted as permitting that conduct.

{¶ 38} The two cases relator relies upon, *Horton* and *Summers*, are inapposite to *Cushion* and the circumstances here. In *Horton*, the two public offices (the city and the city police chief) unsuccessfully argued that the requester did not suffer any delay in receiving the public record because the law firm representing the requester had already received the same public record pursuant to a request the firm sent on behalf of another client/requester. In *Summers*, the two public offices (county sheriff and county prosecuting attorney) unsuccessfully argued that the requester's request for public records was moot

because the requester already had possession of the public record via another requester who had obtained the same public record from the county prosecutor of a different county. The situations in *Horton* and *Summers* are clearly different than those in *Cushion* and the present case. In *Horton* and *Summers*, the "third party" that provided the requester with the same public record as requested from the public office was a private party wholly unrelated to the public office. In *Cushion* and the present case, however, the "third party" who initially provided the requester with the public record was a public official from the same governmental unit: in *Cushion*, the city; and in the present case, the county. The Supreme Court has found that a requester is not entitled to multiple responses from the same public office to duplicate requests made for the same records. *See Bello v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2020-00129PQ, 2020-Ohio-4559, ¶ 9, citing *State ex rel. Laborers Internatl. Union, Local Union No. 500 v. Summerville*, 122 Ohio St.3d 1234, 2009-Ohio-4090, ¶ 6. Similarly, the two city offices in *Cushion* and the two county offices in the present case are in sufficient privity with one another so as to eliminate the need for both to respond to multiple requests for the same public documents from the same requester. Therefore, *Horton* and *Summers* are distinguishable from *Cushion* and the present case.

{¶ 39} For these reasons, the magistrate finds that relator is not entitled to statutory damages pursuant to R.C. 149.43(C) because, even if respondent did not comply with its obligation by responding to relator's public-records request and giving a reason for the denial, as required by R.C. 149.43(B)(3), respondent's failure to initially provide relator with the requested records on the grounds that the request was duplicative of the identical request fulfilled by the Franklin County Prosecutor's Office was made upon a reasonable reliance of case law.

{¶ 40} Furthermore, relator's motion for default judgment must also be denied because Civ.R. 55(D) prohibits a court from entering default judgment against a political subdivision unless the claimant establishes his right to relief by evidence satisfactory to the court, and relator, here, has failed to do so.

{¶ 41} Accordingly, it is the magistrate's decision that the court grant respondent's motion to dismiss relator's petition for writ of mandamus pursuant to Civ.R. 12(B)(6), deny

relator's motion for default judgment, and grant relator's motion for leave to file reply to motion to dismiss.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).