[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, Slip Opinion No. 2023-Ohio-3993.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3993

THE STATE EX REL. MOBLEY, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF COMMISSIONERS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, Slip Opinion No. 2023-Ohio-3993.]

*Vexatious litigators—R.C. 2323.52—Vexatious litigator did not "continue" his case when he mailed objections to a magistrate's decision before being declared vexatious—Court of appeals' judgment dismissing case under R.C. 2323.52(I) was not warranted—Judgment reversed and cause remanded.*

(No. 2023-0197—Submitted June 27, 2023—Decided November 7, 2023.)

APPEAL from the Court of Appeals for Franklin County, No. 22AP-541.

_____

**KENNEDY, C.J.**

{¶ 1} In this appeal from a judgment of the Tenth District Court of Appeals, we consider whether the Tenth District's sua sponte dismissal of a vexatious

litigator's case was appropriate under R.C. 2323.52, the vexatious-litigator statute. Because it was not, we reverse.

{¶ 2} When a court declares a person to be a vexatious litigator in Ohio, that court may order that the vexatious litigator obtain leave to "continue" any legal proceedings. R.C. 2323.52(D)(1)(b) and (F)(1) and (2). "Continue" means "to resume" or "add to or draw out." *Webster's Third New International Dictionary* 493 (1993). If a vexatious litigator subject to such an order continues a legal proceeding without first obtaining leave, the court in which the vexatious litigator continued the proceeding must dismiss the case. R.C. 2323.52(I).

{¶ 3} Appellant, Alphonso Mobley Jr., filed a mandamus action against appellee, the Franklin County Board of Commissioners, in the Tenth District Court of Appeals. As the case proceeded, a unique series of events unfolded. Mobley mailed his objections to a magistrate's decision to the court of appeals. Three hours later, a court in a separate matter declared Mobley to be a vexatious litigator. Upon filing Mobley's objections in this case four days later, the court of appeals recognized Mobley's status as a vexatious litigator and sua sponte dismissed the case under R.C. 2323.52(I). Mobley attempted to file a motion for leave for the court of appeals to consider his objections, but it was too late—his case had been dismissed.

{¶ 4} When Mobley mailed his objections and filed his motion for leave, he did not resume, add to, or draw out the proceeding below as a vexatious litigator. Because he did not "continue" his proceeding as a vexatious litigator, the court of appeals' dismissal was incorrect. Therefore, we reverse the Tenth District Court of Appeals' dismissal and remand the case for consideration of Mobley's motion for leave.

## I. Facts and Procedural History

{¶ 5} Mobley filed a petition in the Tenth District seeking a writ of mandamus to compel the Franklin County Board of Commissioners to produce a

copy of a public record. The board filed a motion to dismiss, and the court-appointed magistrate recommended that the court of appeals grant the board's motion and dismiss the case.

{¶ 6} Mobley placed his objections to the magistrate's decision in the mail; the envelope containing his objections was timestamped by the United States Postal Service on January 20, 2023, at 4:00 p.m. That same day, at 7:06 p.m., the Franklin County Court of Common Pleas declared Mobley to be a vexatious litigator in a separate case, *Tyack v. Mobley*, Franklin C.P. No. 21CV2747. On January 24, the Tenth District filed Mobley's objections in this case. On January 26, the court of appeals sua sponte dismissed the case under R.C. 2323.52(I) because it determined that Mobley had failed to obtain leave before continuing the proceeding. The Tenth District mailed Mobley the judgment entry that same day. In an envelope timestamped on January 27, Mobley mailed a "motion for leave to file" his objections, which the court of appeals denied as untimely. Mobley appealed the Tenth District's dismissal of his mandamus case to this court as of right.

{¶ 7} Mobley argues that the statutory requirement that he obtain leave as a vexatious litigator is unconstitutional as applied to the facts of his case. As part of that argument, he asserts that it was impossible to prevent his already mailed objections from reaching the Tenth District. He also argues that the statutory leave requirement conflicts with the Civil Rules and that if the court of appeals' decision is considered a ruling on the merits, he is entitled to statutory damages.

## II. Law and Analysis

{¶ 8} Because the plain language of R.C. 2323.52 guides our judgment in this case, we need not address Mobley's arguments that the statute is unconstitutional or that it conflicts with the Civil Rules.

### A. *The Vexatious-Litigator Statute*

{¶ 9} R.C. 2323.52 governs vexatious litigators in the state of Ohio. A person or government official may commence an action to declare a litigant

vexatious when that litigant engages in "habitual and persistent vexatious conduct." R.C. 2323.52(B). If a court determines that a litigant is vexatious, the court may enter an order prohibiting the litigant from continuing legal proceedings without first obtaining leave. R.C. 2323.52(D)(1)(b) and (F)(1) and (2). If a vexatious litigator subject to such an order "has * * * continued" a legal proceeding without first obtaining leave to proceed, the court presiding over the proceeding must dismiss the case. R.C. 2323.52(I).

### B. "Continued"

**{¶ 10}** R.C. 2323.52(I) does not define "continued." When a statute does not define the words used in the statute, we give them their plain and ordinary meaning. *Brecksville v. Cook*, 75 Ohio St.3d 53, 56, 661 N.E.2d 706 (1996). "Continued" is the past participle of "continue." *Webster's Third New International Dictionary* at 493. "Continue," as used in R.C. 2323.52(I), is a transitive verb, that is, a verb that passes from the subject—the vexatious litigator—to the direct object—the proceeding. In that context, "continue" means "to resume" or "add to or draw out in length, duration, or development," *id.*

### C. Mobley Did Not "Continue" the Proceeding Below after He Was Declared a Vexatious Litigator

**{¶ 11}** After being declared a vexatious litigator, Mobley did not continue the proceeding below so as to warrant dismissal of his case. From January 20 to January 27, Mobley took two actions relevant here. First, Mobley mailed his objections *before* he was declared a vexatious litigator. Second, Mobley mailed his motion for leave *after* he was declared a vexatious litigator. Neither of these actions warranted dismissal under R.C. 2323.52(I). When Mobley mailed his objections, he continued or resumed the proceeding, but he had every right to do so because he had not yet been declared a vexatious litigator. And when Mobley mailed his motion for leave, presumably before learning that the Tenth District had dismissed

4

the case, he did not continue the proceeding but, rather, complied with the prerequisite step required under R.C. 2323.52(F)(2).

{¶ 12} The moment the objections left Mobley's possession and went into the possession of the postal service, he took no further action to resume, add to, or draw out his case. At that point, the postal-service employees and the court clerk were the only people who continued the proceeding by transporting the objections and filing them, respectively. But R.C. 2323.52(I) warranted dismissal only if Mobley, the vexatious litigator, continued the proceedings. As Mobley correctly notes in his merit brief, he "could not prevent his objections from being delivered to the clerk." Mobley did not have the power to recall the mail to prevent his objections from reaching the court, and we should not place such a burden on a litigant. Mobley, presumably upon discovering his status as a vexatious litigator, took what he thought was the appropriate action in this situation and mailed a motion for leave to file, requesting that the court consider his objections.

{¶ 13} Further, the clerk's filing of Mobley's objections did not "continue" the proceedings. "[I]f the General Assembly could have used a particular word in a statute but did not, we will not add that word by judicial fiat." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26. Here, the General Assembly used the words "file" and "filing" in various provisions of the vexatious-litigator statute, R.C. 2323.52(F)(1) and (2) and (H), but it used "continued" in R.C. 2323.52(I). The General Assembly was certainly aware of the terms "file" and "filing" but chose to use "continue"—a broader, more general term. Therefore, whether Mobley "filed" his objections when he placed them in the mail is irrelevant to our analysis because the statute requires dismissal upon "continued" conduct, not conduct that could arguably be considered part of the "filing" process.

{¶ 14} The record and the law support the conclusion that Mobley took no action to resume, add to, or draw out his case after he was declared a vexatious

litigator. Therefore, under the plain meaning of R.C. 2323.52(I), Mobley did not continue the proceedings below so as to warrant dismissal of his case.

*D. The Statutory-Damages Claim*

{¶ 15} Mobley argues he is entitled to statutory damages under R.C. 149.43 because the Franklin County Board of Commissioners failed to produce a copy of the record he requested. But a public-records requester has an opportunity to receive statutory damages under R.C. 149.43 only "if a court determines that the public office or the person responsible for public records failed to comply with" one of the office or person's public-records obligations. R.C. 149.43(C)(2). Because neither this court nor the Tenth District has made such a determination, Mobley's claim for statutory damages is not procedurally ripe at this time and therefore fails.

### III. Conclusion

{¶ 16} The facts before us here are unique. But that should not deter us from applying the law as written. Under the plain language of R.C. 2323.52(I), Mobley did not continue the proceeding so as to warrant dismissal of his case. It is plausible that the court below did not consider the exact time Mobley mailed his objections or the timing of his actions in general. But regardless, Mobley's objections and motion for leave were properly before the court of appeals, and the court should not have dismissed the case.

{¶ 17} Therefore, we reverse the Tenth District Court of Appeals' dismissal and remand the case to the court of appeals for consideration of Mobley's motion for leave.

Judgment reversed

and cause remanded.

FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Alphonso Mobley Jr., pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Thomas W. Ellis, Assistant Prosecuting Attorney, for appellee.

_____