[Cite as *State v. Jones*, 2025-Ohio-1780.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                          :

    Appellee,                        :            CASE NO. CA2024-07-050

    - vs -                           :
                                        :            O P I N I O N AND
                                        :            JUDGMENT ENTRY
                                                     5/19/2025
AARON MICHAEL JONES,                    :

    Appellant.                       :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 24CR41416


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.


## O P I N I O N

**M. POWELL, J.**

{¶ 1}  Appellant, Aaron Jones, appeals his conviction in the Warren County Court of Common Pleas for assault.

{¶ 2} On February 5, 2024, appellant was indicted on one count of assault in violation of R.C. 2903.13(A), a third-degree felony. The charge stemmed from an incident during which appellant, an inmate incarcerated at the Warren Correctional Institution, caused physical harm to a corrections officer by head-butting the officer in the face. Appellant was arraigned on April 17, 2024, and the trial court appointed Attorney Mary Martin to represent him. A pretrial hearing was held in May 2024, and a second pretrial hearing was held in June 2024. The matter proceeded to a jury trial on July 18, 2024.

{¶ 3} On the morning of the trial, before voir dire, attorney Martin informed the trial court that appellant intended to represent himself at trial. Appellant told the trial court, "I just want to represent myself. I feel like nobody's gonna fight for me like I'm gonna fight for myself," and "I don't want Ms. Martin representing me. I want to represent myself." The trial court thereafter engaged in a thorough waiver colloquy with appellant, and a waiver of counsel form was handed to appellant. During the colloquy, the trial court (1) explained that appellant had an absolute constitutional right to be represented by an attorney and that he did not have to pay for the attorney's services, and (2) advised appellant of the charge he was facing, the felony level of the charge, the maximum penalty, and that there may be possible defenses and mitigating factors that he could present in his defense. Appellant stated that he understood, and that he was aware of possible defenses and mitigating factors that he could present.

{¶ 4} The trial court further made appellant aware of the dangers and disadvantages of representing himself and discouraged him from doing so several times, warning him that he was "making a huge mistake" and that representing himself would be "detrimental to [his] case." The court told appellant that he would be required to follow the Ohio Rules of Evidence and the Ohio Rules of Criminal Procedure, that his lack of knowledge of those rules would not prevent the court from enforcing them, and that he

- 2 -

would be held to the same standards as an attorney. Appellant replied he understood. The trial court asked appellant how old he was, how far he had gone in school, and if he could read and write. The court also asked appellant if he suffered from any physical or mental disease or disability, if he was under the influence of drugs or alcohol, if he had taken any type of medication that interfered with his ability to understand what was going on that day, and if anyone had threatened or promised him anything in order to get him to waive his right to counsel. Appellant answered no.

**{¶ 5}** After appellant admitted he had never represented himself before, the trial court asked, "And you wish to go forward today without the assistance of an attorney?" At that point, appellant requested a bathroom break "to think about it, to make sure it's what I want to do." The trial court granted appellant's request. Upon appellant's return to the courtroom, the trial court explained to appellant that he was presumed innocent of the charge and could not be sentenced or punished unless he pled guilty or was found guilty; that he had the right to a trial by jury, who would have to unanimously find every element of the offense by proof beyond a reasonable doubt; that he had the right to confront and cross-examine the witnesses; that he had the right to compulsory process; and that he had the right to remain silent. The trial court also explained in great detail how a trial would proceed. Appellant stated that he understood. The trial court then once again asked appellant how old he was, how far he had gone in school, and if he could read and write. The court also asked appellant whether he had taken any medications or drugs or suffered from any mental disease or disability that would interfere with his ability to understand what was going on that day. Appellant answered no. The trial court then asked, "Is it your intention, your desire, that you want to proceed in this trial representing yourself?" Appellant requested a second bathroom break which was granted by the trial court.

**{¶ 6}** Upon appellant's return to the courtroom, the trial court referred to the waiver of counsel form in front of appellant, advised appellant it had gone over all the elements of granting a waiver of counsel, and asked, "Do you still wish to proceed as your own counsel?" Appellant replied, "I need real counsel. . . . I talked to my family and they . . . was talking about hiring a lawyer. . . . [J]ust at this point in time, I'd rather wait on my family to get a lawyer for me." The trial court informed appellant there would be no continuance and that the matter was going to trial as scheduled. Appellant then informed the court that he would represent himself at trial, and he signed and dated the waiver of counsel form. The written waiver form stated, "I wish to go forward in this proceeding without the assistance of an attorney." The court asked appellant if he had read the form. When appellant replied he had not, the court asked him to read it. During the ensuing exchange, as the trial court repeatedly asked appellant to read the form, appellant argued with the court about its decision to keep attorney Martin in the courtroom as standby counsel. In doing so, appellant was belligerent, flippant, and uncooperative. Eventually, the trial court found that appellant had knowingly, voluntarily, and intelligently waived his right to counsel and the jury trial proceeded with appellant representing himself. Prior to the parties' closing arguments, appellant erupted in an angry, profanity-laden outburst, asserting that the trial court had forced him to represent himself and that "my peoples hire me a lawyer."

**{¶ 7}** The jury found appellant guilty as charged. The trial court sentenced him to 36 months in prison, to be served consecutively to the sentences appellant was already serving.

**{¶ 8}** Appellant now appeals, raising one assignment of error:

**{¶ 9}** THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS HIS CONSTITUTIONAL RIGHT TO COUNSEL WAS VIOLATED.

**{¶ 10}** Appellant argues that the trial court denied him his right to counsel when it denied his request to continue the jury trial to allow his family to hire private counsel for him, and subsequently ordered him to sign the waiver of counsel form and represent himself at trial.

**{¶ 11}** A criminal defendant's right to counsel during critical stages of the proceedings is guaranteed by the United States Constitution and the Ohio Constitution. *See Gideon v. Wainwright*, 372 U.S. 335 (1963); *State v. Martin*, 2004-Ohio-5471. However, a criminal defendant also has the constitutional right to represent himself at trial, provided he knowingly, intelligently, and voluntarily waives his right to counsel. *State v. Johnson*, 2006-Ohio-6404, ¶ 89. *See also* Crim.R. 44 (providing that a defendant is entitled to counsel "unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel").

**{¶ 12}** To establish an effective waiver of the right to counsel, "the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus. As the Ohio Supreme Court has noted, there is not a "prescribed formula or script to be read to a defendant who states that he elects to proceed without counsel." *Johnson* at ¶ 101. Rather, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id.* A waiver of the right to counsel must be made "with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses of the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Martin* at ¶ 40.

{¶ 13} Therefore, "the sufficiency of the trial court's inquiry will depend on the totality of the circumstances," and there is no specific list of information a trial court must convey to a defendant. *State v. Edmonds*, 2015-Ohio-2733, ¶ 25-26 (12th Dist.). As long as the totality of the circumstances demonstrates a defendant had sufficient understanding of the case and the consequences of self-representation, a defendant's waiver of counsel will be found to be knowingly, intelligently, and voluntarily made. *Id* at ¶ 31.

{¶ 14} The grant or denial of a continuance is entrusted to the broad, sound discretion of the trial court. *State v. Grant*, 67 Ohio St.3d 465, 479, 1993-Ohio-171. A trial court's denial of a defendant's motion for a continuance will not be reversed on appeal absent an abuse of discretion. *State v. Simmons*, 2012-Ohio-3563, ¶ 58 (12th Dist.).

{¶ 15} Although there is no "bright-line test" for determining whether a motion for continuance should be granted, the Ohio Supreme Court has set forth several guiding factors for the trial court. *Id.* at ¶ 59. These factors include, but are not limited to, "'the length of the requested delay, whether other continuances have been requested and received, the inconveniences likely to result, the reasons for the delay, and whether the defendant contributed to the circumstances giving rise to the need for delay.'" *Id.*, quoting *State v. Franklin*, 2002-Ohio-5304, ¶ 18.

{¶ 16} Upon a thorough review of the record, we find that the totality of the circumstances establishes that the trial court made a sufficient inquiry to determine that appellant knowingly, intelligently, and voluntarily waived his right to counsel. The trial court ensured that appellant was literate, that he was not under the influence of drugs or alcohol, and that he was not suffering from a mental disease or disability. The trial court warned appellant of the dangers and disadvantages of self-representation, and advised him of the rights he was forfeiting by waiving his right to counsel. The court also advised

him that a trial is governed by rules, procedure, and evidence, that appellant was bound by these rules, and that neither the court nor the prosecutor would be able to help appellant in his representation of himself. Appellant replied that he understood and signed the waiver of counsel form. The record further establishes that appellant knew the nature of the charge against him and of possible defenses to the charges. Appellant displayed no confusion about what he wanted or what self-representation meant. Rather, appellant clearly and repeatedly requested to proceed pro se and was adamant he wanted to represent himself rather than be represented by his court-appointed counsel. Moreover, appellant never requested that the trial court appoint another attorney to represent him.

{¶ 17} Appellant's assertion that the trial court "ordered" him to sign the waiver of counsel form must be viewed in context of the entire colloquy between the trial court and appellant. Having verbally reviewed the contents of the form with appellant, the court asked him to sign it, and appellant willingly obliged. Thereafter, the trial court repeatedly asked appellant to read the form. Instead of complying with the court's request, appellant began arguing with the court over its decision to keep attorney Martin in the courtroom as standby counsel. Appellant was belligerent and flippant. Although it is unclear whether appellant eventually read the form, the record shows that the trial court scrupulously and verbally went over the contents of the form during its thorough waiver colloquy with appellant, and appellant stated that he understood. Thus, appellant's assertion that the trial court forced him to sign the waiver of counsel form lacks merits.

{¶ 18} Accordingly, under the circumstances of this case, we find that the trial court reasonably determined that appellant had sufficient understanding of the case and the consequences of self-representation to make a voluntary, knowing, and intelligent choice to waive his right to counsel and represent himself. *Johnson*, 2006-Ohio-6404 at ¶ 105.

{¶ 19} We further find that the trial court did not abuse its discretion in declining to

continue the case so that appellant could hire private counsel. Appellant did not request a continuance until the morning of the July 18, 2024 trial, after jurors had been summoned to the courthouse, witnesses had appeared and were ready to proceed that day, and the state was ready and able to present its case. The record shows that appellant was arraigned on April 17, 2024; attorney Martin was appointed to him that same day. At no point prior to the morning of trial did appellant express any dissatisfaction with his appointed counsel or otherwise indicate a desire to retain other counsel. Moreover, appellant did not request a continuance until after his second bathroom break, asserting for the first time that his family was thinking of hiring an attorney for him. Until then, appellant had repeatedly stated that he wanted to represent himself. Given that appellant's request for a continuance made on the day of trial was open-ended, with no time limit, and seemingly a stall tactic, and that granting a continuance on the day of trial would have resulted in an inconvenience to the state, the citizens summoned to court to serve as jurors, and the witnesses, the trial court did not abuse its discretion in denying appellant's request for a continuance. *See State v. Baker*, 2023-Ohio-1699 (12th Dist.).

**{¶ 20}** Appellant's assignment of error is overruled.

**{¶ 21}** Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.

- 8 -

- 9 -

## JUDGMENT ENTRY

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Mike Powell, Judge

/s/ Matthew R. Byrne, Judge