[Cite as *State v. Crawford*, 2025-Ohio-4892.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-02-010 |
| vs. | : | OPINION AND JUDGMENT ENTRY 10/27/2025 |
| CODY AUSTIN CRAWFORD, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 CR 0147

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Paul Croushore, for appellant.

# **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Cody A. Crawford appeals the trial court's denial of his postconviction petition for relief alleging ineffective counsel. Crawford's arguments on appeal are framed exclusively in terms of the scope, process, and purpose of postconviction petition

proceedings and do not challenge the trial court's conclusions regarding ineffective assistance of counsel. In his three assignments of error, Crawford argues the trial court improperly denied his petition without first appointing him counsel or giving Crawford an opportunity to address evidence and arguments presented by the State in response to the petition. Crawford also asserts Ohio's postconviction statute violates the state and federal constitutions by requiring development of evidence of ineffective assistance of trial counsel during the pendency of the direct appeal.

{¶ 2} We overrule each assignment of error. Upon review, we conclude the trial court did not abuse its discretion when it found Crawford's petition did not contain substantive grounds for relief that required the trial court to appoint counsel or hold a hearing. Crawford also had the statutory authority to respond to the State's evidence but did not do so. Finally, although Crawford did not raise his constitutional arguments at the trial level, we conclude binding precedent supports the trial court's application of res judicata to much of Crawford's petition. We affirm the decision of the trial court.

## Background

{¶ 3} In February of 2021, Crawford shot and killed John Smith.[1] Before the shooting, Crawford went to his girlfriend's apartment. In the parking lot, Crawford observed Smith engaged in a verbal and physical altercation with another individual. According to Crawford, they appeared to be arguing about drinking and driving. Due to the physical nature of the argument, Crawford retrieved his semiautomatic pistol before proceeding to his girlfriend's apartment.

{¶ 4} The argument continued to boil when Crawford returned to his vehicle.

---

1. John Smith is a pseudonym adopted for this opinion to protect the privacy of the victim and his family. *See State v. Cansler*, 2025-Ohio-2558, ¶ 1, fn. 1 (12th Dist.); *Supreme Court of Ohio Writing Manual* 115 (3rd Ed. 2024).

Before Crawford began driving, his truck was struck by Smith's own vehicle which subsequently hit a nearby curb and stopped. The two exited their vehicles, and Crawford approached Smith's vehicle. The two began yelling at each other, and when Smith later attempted to turn away, Crawford grabbed Smith's arm. A struggle ensued. Crawford testified at trial that during the altercation, Crawford fell onto his back, and Smith drew a knife and began approaching Crawford. At that point, Crawford drew his pistol and shot Smith four times. Crawford then cleared his pistol of an unspent bullet and waited for police to arrive. Smith later died from his injuries.

{¶ 5} At trial, the jury found Crawford guilty of both purposeful murder and felony murder as well as accompanying firearm specifications. The trial court refused to instruct the jury on self-defense, finding the evidence presented at trial demonstrated that Crawford was responsible for creating the situation giving rise to the affray. Under Ohio law, when a defendant is found to have created such a situation, he is precluded from asserting self-defense as a justification for the force underlying the criminal charge. Crawford appealed with new counsel, but this court upheld Crawford's conviction. *See generally*, *State v. Crawford*, 2024-Ohio-691 (12th Dist.).

{¶ 6} Crawford subsequently filed a petition for postconviction relief with the trial court. Generally speaking, Crawford's petition argued his trial counsel provided ineffective assistance by failing to call certain lay and expert witnesses and by failing to more thoroughly cross-examine State witnesses to support instructing the jury on self-defense. More specifically, Crawford asserts that his trial counsel should have:

1. Called multiple, identified expert witnesses to testify on various grounds he claims would have supported a self-defense jury instruction, including gunshot residue tests, bullet trajectory, memory issues, and alcohol and cocaine found in Smith's system.

2. More thoroughly questioned the State's witnesses on cross-examination about the knife and unspent round recovered from the crime scene. At trial, the State's witnesses testified to their belief that the knife (which had only Smith's DNA on it) was planted there. The knife was also found in its "closed" position, leading law enforcement to believe Smtih could not have opened it before being shot. Crawford asserted the knife and the fact he unchambered a round after shooting Smith demonstrated he acted in self-defense.

3. Called multiple lay witnesses, including Crawford's girlfriend and several eyewitnesses.

{¶ 7} The trial court found the testimony of one potential expert, Christopher Robinson, "did not differ materially from that of the coroner." Therefore, the trial court found "the decision not to call Robinson and to instead rely on cross-examination [was] not unreasonable." The trial court also found Crawford's argument that his trial counsel should have further questioned the State's witnesses was largely a matter of trial strategy.

{¶ 8} As to the purported failure to call various lay witnesses, the trial court found: (1) Crawford offered nothing as to what their purported testimony would have been; (2) the State established in its response to Crawford's petition that multiple witnesses Crawford mentioned were subpoenaed for trial but could not be located; and (3) the decision to not call witnesses whose testimony was "inconsistent with the established evidence . . . was rooted in trial strategy and was a reasonable, professional judgment."

{¶ 9} In addition to these reasons, the trial court repeatedly stressed many of Crawford's arguments were barred by res judicata because they could have been raised on direct appeal. These barred arguments included the failure to challenge the ruling that two of Crawford's potential experts were inadmissible, the failure to call various lay witnesses, and the assertions of inadequate cross-examination.

{¶ 10} The trial court found Crawford's petition not well-taken and denied it without

a hearing.

{¶ 11} This appeal followed.

**Applicable Law, Generally**

*Postconviction Petition Proceedings*

{¶ 12} After directly appealing a conviction, a criminal defendant may file a petition for postconviction relief. R.C. 2953.21(A)(1). "A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment." *State v. Johnson*, 2023-Ohio-879, ¶ 1 (12th Dist.). These petitions frequently assert "a denial or infringement of the person's rights [that] render the judgment void or voidable under [the state and federal constitutions] . . . stat[e] the grounds for relief relied upon, and ask[] the court to vacate or set aside the judgment or sentence . . ." or issue any other appropriate form of relief. R.C. 2953.21(A)(1). We review a trial court's dismissal of a postconviction petition for an abuse of discretion, and the decision will be upheld where it is not "unreasonable, arbitrary or unconscionable." (Cleaned up.), *State v. Davis*, 2013-Ohio-3878, ¶ 14 (12th Dist.).

{¶ 13} Related statutes, discussed more thoroughly below, set the procedures applicable to a petition for postconviction relief, including the timing of the petition, what evidence the trial court must consider upon receiving such a petition, and under what circumstances an indigent defendant is entitled to representation by counsel. *See generally* R.C. 2953.21; R.C. 120.16.

*Ineffective Assistance of Counsel*

{¶ 14} Although not critical to our holdings herein, a review of the ineffective assistance of counsel standards provides helpful context. While the conduct of counsel is presumed to be effective, ineffective assistance of counsel can be established if a

defendant shows (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Courts determine deficient performance by asking whether counsel's conduct "fell below an objective standard of reasonableness" based on "the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 688, 690. In turn, prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A defendant's failure to sufficiently show either *Strickland* prong is fatal to a claim of ineffective assistance. *State v. Lloyd*, 2022-Ohio-4259, ¶ 31, citing *Strickland* at 697.

### *First Assignment of Error – Do You Have the Right to Counsel?*

{¶ 15} Crawford asserts the trial court erred in denying his postconviction petition for relief without appointing him counsel.

{¶ 16} Criminal defendants do not have any state or federal constitutional right to representation in postconviction proceedings. *State v. Boles*, 2017-Ohio-786, ¶ 31 (12th Dist.), citing *State v. Crowder*, 60 Ohio St.3d 151, 152 (1991). Moreover, a defendant is not entitled to an evidentiary hearing on their postconviction petition if he fails "to establish substantive grounds for relief." *State v. Davis*, 2013-Ohio-3878, ¶ 12 (12th Dist.).

{¶ 17} Postconviction relief representation is mandatory only if the following five steps are satisfied:

1. The trial court must review the petition, supporting affidavits, record, and files pertaining to the petition to determine if "substantive grounds for relief" exist. R.C. 2953.21 (D), (F).

2. If such substantive grounds exist, the trial court "shall" schedule an evidentiary hearing. *Id.*; *see also Crowder* at 153.

3. If the trial court orders an evidentiary hearing, the trial court

must notice the public defender of the hearing. *Crowder* at 153; *see also* R.C. 120.16(A)(1), (D); R.C. 2953.21(D), (E).

4. The public defender will then review the issues raised by the petitioner to determine if the petitioner's issues "have arguable merit." *Id*.

5. Finally, if, after reviewing the petition, the public defender determines the issues raised by the petitioner have arguable merit, the petitioner is entitled to representation at postconviction proceedings. *Id*.

{¶ 18} Crawford argues the trial court abused its discretion by not appointing him a public defender for postconviction proceedings, regardless of showing substantive grounds for relief. Crawford asserts Ohio law creates a "circular syllogism" because a public defender reviews a postconviction motion only when appointed by the trial court, but the trial court only appoints a public defender if it has already determined sufficient facts exist to have a hearing.

{¶ 19} Crawford's arguments fail as a matter of logic. The relevant statutes do not create a circular syllogism—rather they create a linear procedure with the trial court and public defender fulfilling different, but complementary roles. The trial court reviews the petition and evidence as a threshold matter. This statutory duty aligns with the trial court's overall role in Ohio's judicial system as it is the first court charged with the responsibility to determine the admissibility of evidence, which often requires an analysis of the relevancy and prejudicial nature of that evidence. *See* Ohio Const., art. IV, § 4; Evid.R. 104. Only if the trial court determines the petition and evidence cross the "substantive grounds for relief" threshold does the issue of representation come into question. Because the public defender would have to expend resources to represent an indigent defendant in this *civil* proceeding for postconviction relief, it is logical for the public

defender to determine whether the issues raised by the petitioner have "arguable merit" before doing so. *See Crowder* 60 Ohio St.3d at 153, citing R.C. 120.16(A)(1), (D); R.C. 2953.21(D), (E).

{¶ 20} In this civil proceeding, Crawford only had a right to representation by counsel if these five statutory conditions were satisfied. Here, the process began and ended after the trial court completed its first obligation—to review the petition and relevant record. The trial court completed this mandatory review and determined Crawford's petition asserted no substantial grounds for relief and did not require an evidentiary hearing. The trial court offered an opinion rooted in reason and law regarding whether Crawford showed substantial grounds for relief and did not act unreasonably, arbitrarily, or unconscionably. *See below*. Because the trial court found the petition did not support ordering an evidentiary hearing, the public defender's office did not have the statutory authority to review the petition for arguable merit, and Crawford was not entitled to representation.

{¶ 21} Neither the federal nor state constitutions require a petitioner to receive representation in a civil proceeding involving a petition for postconviction relief, and the General Assembly defined under what process and circumstances an indigent petitioner is entitled to representation in that context. *See* R.C. 2593.21; R.C. 120.16. The General Assembly could have granted a petitioner the absolute right to counsel at all stages of postconviction relief proceedings, but it chose not to do so. This court cannot (and will not) override the General Assembly's legislative choice by "judicial fiat."[2] (Cleaned up.)

---

2. Crawford invites this court to "make a rule" requiring trial courts to appoint counsel and hold a hearing in postconviction petition proceedings. This proposal ignores the basic civics principle of the separation of powers. Crawford's invitation is better addressed to members of the General Assembly, as it is the branch of Ohio's government that writes laws whereas the judicial branch must steadfastly exercise restraint and refuse to interfere with the legislative branch's exclusive authority.

*See State ex rel. Mobley v. Franklin Cnty. Bd. of Commrs.*, 2023-Ohio-3993, ¶ 13.

### *Second Assignment of Error – What Evidence Can Be Considered?*

{¶ 22} Next, Crawford faults the trial court for "accepting the truth and implications" of the State's exhibits submitted with its response to Crawford's petition. Crawford complains that he "never had an opportunity to address" them. Once again, Crawford's arguments have no merit.

{¶ 23} Crawford's complaints ignore that the trial court must consider "the entirety of the record from the trial proceedings *as well as any evidence filed by the parties in postconviction proceedings*." (Emphasis added.) *State v. Bunch*, 2022-Ohio-4723, ¶ 24, citing R.C. 2953.21(D). The evidence the trial court "shall" consider includes, but is not limited to, "the petition, the supporting affidavits, [ ] the documentary evidence . . . the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(D).

{¶ 24} The trial court fulfilled these statutory mandates to the fullest extent possible given that, as previously mentioned, Crawford submitted almost no substantive evidence to support his petition that was not already in the record on direct appeal. Crawford's petition provided no sworn affidavits as to what the various lay witnesses he believes his trial attorney should have called would have testified to at trial. In contrast, the State's answer to Crawford's petition contained exhibits which demonstrated multiple lay witnesses Crawford mentioned were subpoenaed for trial but could not be located.

{¶ 25} Crawford could have asked the trial court for leave to amend his petition in response to the State's arguments and evidence, but he forfeited this opportunity. R.C. 2953.21(G)(3). We find no issue with the trial court "accepting the truth and implications" of the State's exhibits when it concluded it was "not unreasonable to fail to call witnesses

who were unavailable" because Crawford provided no reason for the court to conclude otherwise. Likewise, the decision not to call lay witnesses who would testify in a manner "inconsistent with the established evidence" was "rooted in trial strategy and was a reasonable, professional judgment."

{¶ 26} The trial court's decision shows it carefully considered all the relevant evidence and reached a rational judgment when denying Crawford's petition for postconviction relief. Its decision was not unreasonable, arbitrary, or unconscionable.

{¶ 27} We overrule Crawford's first two assignments of error.

### Third Assignment of Error – Does the Postconviction Relief Statute Violate Due Process?

{¶ 28} Finally, Crawford argues that he had to "develop evidence of ineffective assistance of trial counsel during the pendency of the direct appeal," which "impose[d] an unreasonable procedural burden" on him and undermined his constitutional rights to due process. Crawford did not raise this constitutional argument to the trial court.[3]

{¶ 29} Generally, an appellate court will not consider any error that was not raised before the trial court. *State v. Quarterman*, 2014-Ohio-4034, ¶ 15. However, the decision to apply this "waiver doctrine" to errors not raised below is discretionary. *See In re M.D.*, 38 Ohio St.3d 149, 151 (1988). A forfeited constitutional challenge to a statute is subject to review "where the rights and interests may warrant it." *Quarterman* at ¶ 16, quoting *In re M.D.* at syllabus.

---

3. Crawford also argues that the deadline for his petition for postconviction relief prevented him from "securing justice" because federal habeas can be barred if state habeas is decided on an independent and adequate state procedural ground, such as res judicata. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). But he does not explain the alleged connection between federal habeas and his constitutional claim, nor does he distinguish between Ohio's habeas statutes, R.C. 2725.01, *et seq.*, and Ohio's postconviction statute. This court will not analyze undeveloped or unclear arguments, nor will it make any possible statutory distinguishments. *See* App.R. 12(A)(2) and 16(A)(7).

{¶ 30} This court could properly overrule Crawford's constitutional challenge based on his forfeiture. But we address the substance of his challenge briefly for two reasons: (1) the legal merits of applying res judicata to postconviction relief claims in Ohio has been decided by the State's highest court; and (2) Crawford's arguments related to the relevant timeline lack merit.

{¶ 31} First, binding precedent supports the trial court's application of res judicata to much of Crawford's petition. Federal courts permit a defendant to bring an ineffective assistance of counsel claim in a collateral proceeding, regardless of whether the claim could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 505 (2003).[4] Crawford urges this court to "adopt a similar rule." But the Supreme Court of Ohio has already rejected the federal approach. *See State v. Blanton*, 2022-Ohio-3985, ¶ 43 (affirming application of res judicata to postconviction relief claims). *Blanton* also held that "claims that rely on evidence outside the record may be heard on postconviction review even if similar claims have been previously raised and adjudicated against the petitioner in his direct appeal." *Id.* at ¶ 41. Rather than placing an unconstitutional burden on a defendant, Ohio permits a petitioner who demonstrates "through evidence outside of the trial record that their claim either was not or could not have been fairly adjudicated in a direct appeal to have a *second* opportunity to litigate the claim." *Id.* at ¶ 38.

{¶ 32} Second, Crawford's argument that the "short deadline under Ohio law" prevented him from securing evidence to support his petition for postconviction relief is unpersuasive. The trial court issued its final judgment entry on April 13, 2023. At that

---

4. Crawford also cites *United States v. Cook*, 124 Fed.Appx. 367, 375 (6th Cir. 2005) as persuasive authority. *Cook* essentially affirms the general federal rule rejecting the application of res judicata to ineffective assistance of counsel claims; these same concerns are analyzed in *State v. Blanton*, 2022-Ohio-3985. *Martinez v. Ryan*, 566 U.S. 1 (2012), is likewise unpersuasive here as it only applies when a state requires a prisoner to raise ineffective assistance of counsel claims in a collateral proceeding (which Ohio does not) or when defendant asserts the counsel in that collateral proceeding was ineffective (which is not at issue here).

point, the record this court could consider on direct appeal was closed. But he had from that date until the deadline for his petition for postconviction relief (approximately 15 months) to develop evidence outside of the trial record to support claims that could not have been raised on direct appeal (e.g., supporting evidence related to his trial counsel's failure to proffer Robinson's expert testimony). He also had that same 15 months to develop additional evidence sufficient to overcome any res judicata bar on claims that were, or could have been raised on direct appeal (e.g., additional evidence related to his trial counsel's cross-examination of witnesses).

{¶ 33} This final assignment of error is overruled.

{¶ 34} Judgment affirmed.

BYRNE, P.J., and PIPER, J., concur.

_____
# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge